**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| LORENZO MOULTRIE,<br><br>*Plaintiff,*<br><br>v.<br><br>ANTHONY J. HUSPASKA AND STENGER & STENGER, P.C.,<br><br>*Defendants.* | CASE NO. 2:26-CV-00143-ALM-KAJ |

**DEFENDANTS' RESPONSE MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Defendants Anthony J. Huspaska and Stenger & Stenger, P.C. ("Defendants") respectfully file this Response Memorandum in Opposition to Plaintiff Lorenzo Moultrie's ("Plaintiff") Motion for Leave to File Second Amended Complaint (ECF No. 30).

Respectfully submitted,

**BASSFORD REMELE**
***A Professional Association***

*/s/ Kimberly Dang*
Kimberly Dang (admitted *pro hac vice*)
100 South 5th Street, Suite 1500
Minneapolis, MN 55402-1254
Telephone: (612) 333-3000
Facsimile: (612) 333-8829
kdang@bassford.com

Berton K. May (Ohio Bar 0083330)
Erik C. Stein (Ohio Bar 0093233)
QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
300 Ottawa Ave NW, 5th Floor
Grand Rapids, Michigan 49503
(616) 330-1190 | (616) 330-1191 (f)
berton.may@qpwblaw.com
erik.stein@qpwblaw.com

*Attorneys for Defendants Anthony J. Huspaska and Stenger & Stenger, P.C.*

# MEMORANDUM OF LAW

## INTRODUCTION

This Court should deny Plaintiff's Motion for Leave to amend his complaint. Plaintiff now asks this Court for leave to file his third theory of the same case. His original Complaint alleged that Defendants falsely called his account a "Mastercard." ECF No. 1 at PAGEID 1. He abandoned that theory after Defendants moved to dismiss it. *See* ECF No. 6 (Defs.' Mot. to Dismiss). His First Amended Complaint then alleged, as its central factual premise, that the account "never existed" and that Defendants "fabricated" the account number. ECF No. 8 at PAGEID 41, 49. Defendants served a Rule 11 motion demonstrating that those allegations were contradicted by account records bearing Moultrie's own name, address, and account number, which are records that were exhibits in the underlying state collection action and in Plaintiff and his counsel's possession long before the First Amended Complaint was filed. Moultrie did not withdraw the allegations during the safe-harbor period. Instead, nine days after Defendants filed the Rule 11 motion (and one day after opposing it), he moved to amend again. *See* ECF No. 30.

Plaintiff does not hide the reason. He states that he is amending because he is "now required to modify" his allegations "to be compliant with Fed. R. Civ. P. 11," and that he acts "in an effort to avoid yet another motion for sanctions." ECF No. 30 at PAGEID 677, 680. That is a concession that the operative pleading is not Rule 11 compliant, and the proposed amendment is an attempt to escape the consequences of filing it.

The proposed amendment is the product of bad faith and dilatory motive; it comes after a sequence of abandoned theories that is the paradigm of a "repeated failure to cure"; it was filed after the deadline to amend without the diligence Rule 16(b) requires; and it is futile. The belated

amendment also does not cure or moot Defendants' pending Rule 11 motion, which is measured by the pleading as filed.

Leave should therefore be denied.

## BACKGROUND

### A. The account and the Franklin Case.

Absolute Resolutions Investments, LLC ("ARI") sued Moultrie in Franklin County, Ohio, to collect a defaulted balance on a Jasper credit card issued by WebBank (the "Franklin Case"). ECF No. 8 at PAGEID 39. Defendants represented ARI, and Plaintiff was represented by the same counsel who represents him here. *Id.* The account records identify Plaintiff by name and address and bear the full account number ending in 0648. ECF No. 24-1 (Plaintiff's unredacted account statements). ARI moved for summary judgment, prevailed, and judgment was entered against Plaintiff. ECF No. 8 at PAGEID 39–41. Plaintiff's appeal of that judgment remains pending. *Id.* at PAGEID 41.

### B. Three pleadings, three theories.

In his original Complaint, Plaintiff alleged that Defendants falsely represented the account as a "Mastercard," relying on boilerplate language in the account agreement. ECF No. 1 at PAGEID 5–6. He abandoned that theory after Defendants moved to dismiss it. His First Amended Complaint alleged instead that he "has never had any account with the number 7000000000110648," that the account was "non-existent," and that Defendants "fabricated" the number. ECF No. 8 at PAGEID 40–41. The proposed Second Amended Complaint abandons that theory too: it now concedes the account exists and recharacterizes 7000000000110648 as an "account number used internally," alleging that Defendants mislabeled it as the "16-digit card number." ECF No. 30-1 at PAGEID 684–85.

### C. The Rule 11 motion and the motion to amend.

Defendants served a draft Rule 11 motion on Moultrie's counsel on July 29, 2026, more than twenty-one days before filing, and counsel did not withdraw or correct the challenged allegations within the safe-harbor period. Defendants filed the Rule 11 motion on August 21, 2026. ECF No. 27. Plaintiff opposed it on August 29, 2026. ECF No. 29. The next day, August 30, 2026, he moved for leave to file the Second Amended Complaint. ECF No. 30. The Scheduling Order set August 7, 2026 as the deadline to amend the pleadings. ECF No. 15. The motion to amend was therefore filed after the deadline had passed.

## LEGAL STANDARD

Although Rule 15(a)(2) directs that leave to amend be "freely give[n] when justice so requires," denial is appropriate where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). This Court applies that full framework. *See Baier v. Cmty. Home Health Care, Inc.*, No. 1:24-CV-00276, 2025 WL 2432399, at *10 n.3 (S.D. Ohio Aug. 22, 2025). An amendment is futile "if the amended complaint would not survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." *In re Branch*, 525 B.R. 388, 393 (Bankr. E.D. Mich. 2015).

Where, as here, the deadline to amend set in a scheduling order has passed, the movant must also satisfy the good-cause standard of Rule 16(b), the touchstone of which is the movant's diligence. Fed. R. Civ. P. 16(b)(4).

## ARGUMENTS AND AUTHORITIES

### A. The proposed amendment is sought in bad faith and reflects a dilatory motive.

The timing and Plaintiff's own explanation establish that this amendment is a tactical reaction to the Rule 11 motion, not a good-faith correction. Defendants exposed the falsity of the "non-existent account" and "fabricated number" allegations, served their motion, and gave Plaintiff twenty-one days to withdraw or correct. He chose not to. Instead, he opposed the motion, insisting his position was reasonable, and only then on the following day, sought leave to swap in a new theory. Plaintiff admits he moves to amend to be "compliant with Fed. R. Civ. P. 11" and to "avoid yet another motion for sanctions." ECF No. 30 at PAGEID 677, An amendment offered for that purpose, after a sanctions motion has laid bare the defect in the operative pleading, is the opposite of a good-faith correction.

The Sixth Circuit has held that a belated, tactical motion to amend is itself "evidence of . . . bad faith and delay tactics." *United States ex rel. Angelo v. Allstate Ins. Co.*, 106 F.4th 441, 453 (6th Cir. 2024). In *Angelo*, the court affirmed denial of leave where the proposed amendment would have been the movant's fourth pleading and the second after a dispositive motion. *Id.* at 454. The court held the request was "at the very least, dilatory," and endorsed the principle that "enough is enough," because "[f]ederal court is not a sounding board for litigants to test various theories until they find one allowing the litigation to continue." *Id.* Leave to amend "is not merely a formality," particularly in the face of "bad faith or dilatory motive." *Id.* Plaintiff's serial repleading, each theory abandoned only after Defendants challenged it, is the exact type of "sandbagging" the court condemned. *See id.*

### B. This is a repeated failure to cure deficiencies by prior amendment.

The Second Amended Complaint would be Moultrie's third pleading. Each prior theory was abandoned only after Defendants attacked it: the "Mastercard" theory fell after the motion to

dismiss, and the "non-existent account" theory is now being discarded after the Rule 11 motion. That pattern is a textbook "repeated failure to cure deficiencies by amendments previously allowed," an independent basis to deny leave. *Morse*, 290 F.3d at 800. Plaintiff, and the same counsel who litigated the identical account for more than two years in state court, have had ample opportunity to plead a viable, accurate theory. The *Foman* factors exist to stop exactly this cycle. *See Angelo*, 106 F.4th at 454.

**C. Moultrie cannot show good cause, and the amendment is unduly delayed.**

Because the August 7, 2026 deadline to amend had passed when Moultrie moved on August 30, 2026, Rule 16(b)'s good-cause standard applies, and diligence is the touchstone. Plaintiff cannot show diligence. His counsel litigated the same account for more than two years in the Franklin Case, and the account records bearing Moultrie's name, address, and the account number ending in 0648 were exhibits in that case and in counsel's possession before the First Amended Complaint was ever filed. Plaintiff's assertion that WebBank's August 27, 2026 subpoena response supplied genuinely "new" information does not excuse the delay: the facts underlying his account were available to him and his counsel through ordinary diligence years earlier. This account belonged to Plaintiff and as a result, Plaintiff has had access to his own account statements for years. Any review of the statements would have revealed the existence of the account number Plaintiff previously claimed did not exist.

Delay becomes an independent ground for denial when it is "undue" or when it prejudices the opposing party. *Morse*, 290 F.3d at 800. Requiring Defendants to answer a moving target across three successive pleadings, while a sanctions motion directed at the operative pleading is pending, is exactly the kind of prejudice the Rules were meant to prevent.

**D. The proposed amendment is futile.**

Leave should also be denied because the Second Amended Complaint could not survive a motion to dismiss. *See Branch*, 525 B.R. at 393.

**1. <u>The claim collaterally attacks the state judgment.</u>**

The proposed pleading seeks, as actual damages, "any judgment against Moultrie as a result of Defendants' false statements in the Franklin Case." ECF No. 30-1 at PAGEID 696. But the truth of Defendants' representations about the account was litigated and resolved against Plaintiff on summary judgment in the Franklin Case. *Id.* at PAGEID 689–90. Where a debt collector "merely s[eeks] to enforce a final judgment that had already been entered in its favor," its conduct involves no false or deceptive representation actionable under the FDCPA, and "[a]ny challenge that [the plaintiff] may wish to make as to the judgment itself is barred by the *Rooker–Feldman* doctrine." *Wilson v. Asset Acceptance, LLC*, 864 F. Supp. 2d 642, 645 (E.D. Ky. 2012).

The Sixth Circuit has affirmed dismissal of an FDCPA action as barred both by *Rooker–Feldman* because "the cause of the plaintiff's complaints is the state judgment itself" and by res judicata, because the claims were or could have been litigated in the state proceeding. *Givens v. Homecomings Fin.*, 278 F. App'x 607, 609 (6th Cir. 2008) (citing *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006)). And an FDCPA claim whose damages theory depends on undoing a state collection judgment arises from the "same nucleus of operative fact" and is barred by Ohio claim preclusion, because permitting it would "effectively permit [the plaintiff] to challenge the final . . . judgment." *Frazier v. Matrix Acquisitions, LLC*, 873 F. Supp. 2d 897, 904 (N.D. Ohio 2012).

The Sixth Circuit has recognized that *Rooker–Feldman* is "narrow" and applies to injuries "caused by state-court judgments," not by a collector's independent conduct. *Van Hoven v. Buckles & Buckles, P.L.C.*, 947 F.3d 889, 892 (6th Cir. 2020). But this case is materially closer to the

barred scenario than to the FDCPA suits that have survived. Unlike a plaintiff who "never raised her concerns in . . . state court," Plaintiff "already raised the same objections in state court and lost," which makes the state judgment—not Defendants' conduct—the source of the injury he pleads. *Id.* at 893. At a minimum, because that challenge was adjudicated on summary judgment (not by default), Ohio issue and claim preclusion bar relitigating it here. *See Frazier*, 873 F. Supp. 2d at 900.

**2. <u>The recharacterized theory does not plead a materially false representation.</u>**

The Second Amended Complaint's remaining theory is that Defendants described an internal account number (7000000000110648) as the "16-digit card number." ECF No. 30-1 at PAGEID 690. Even if that labeling were technically imprecise, the FDCPA "does not make actionable every false representation"; a statement is actionable under § 1692e only if it is "material, which is to say capable of influencing the consumer's decision-making process." *Van Hoven*, 947 F.3d at 894. A statement must be "material," meaning that it is "capable of influencing the consumer's decision-making process." *Id.*

The Sixth Circuit has held that a state-court collection filing referencing an account number is read "as a whole" and that "the least sophisticated consumer, with a careful reading of the entire state court complaint, would understand" the debt at issue; "a false but non-material statement is not actionable." *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 595–96 (6th Cir. 2009). Materiality may be resolved on a Rule 12(b)(6) motion where the plaintiff does not plead how the alleged inaccuracy impaired an unsophisticated consumer's ability to respond. *Scheuer v. Jefferson Cap. Sys., LLC*, 43 F. Supp. 3d 772, 785 (E.D. Mich. 2014).

Plaintiff, who concedes the account exists and that it was his, pleads no such impairment. The distinction between an "internal" account number and the "16-digit card number" identifying

the same account on which he was sued is not the kind of misstatement that would mislead the least sophisticated consumer about the debt he owed.

**E. The belated amendment does not cure or moot Defendants' pending Rule 11 motion.**

Moultrie's argument that amending now brings him into compliance with Rule 11 misunderstands the rule. Rule 11 compliance is measured "at the time the pleading, motion, or other paper was submitted," and the court is "expected to avoid using the wisdom of hindsight." *Merritt v. Int'l Ass'n of Machinists & Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2010). The safe harbor gave Plaintiff the opportunity to "withdraw[] or appropriately correct[]" the challenged allegations within twenty-one days of service; only a "timely withdrawal of a contention" protects a party against sanctions. *Ridder v. City of Springfield*, 109 F.3d 288, 294 (6th Cir. 1997) (quoting Fed. R. Civ. P. 11). Plaintiff did not withdraw or correct within that window; he opposed the motion instead. ECF No. 29. A litigant may be sanctioned "for continuing to insist upon a position that is no longer tenable." *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 396 (6th Cir. 2009) (quoting *Ridder*, 109 F.3d at 293).

A correction made after the fact does not erase the original violation. The Sixth Circuit affirmed sanctions even where counsel was willing to correct erroneous allegations, because the correction "came more than a year after filing the complaint" and the sanction rested on the deficient pleading as filed. *Merritt*, 613 F.3d at 627. Plaintiff's continuing duty to "review and reevaluate his pleadings and where appropriate modify them" is an obligation, not a safe harbor that reopens once a violation is exposed. *See id.* (quoting *Runfola & Assocs., Inc. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 374 (6th Cir. 1996)).

Granting leave would neither moot the Rule 11 motion nor cleanse the First Amended Complaint of the defects Defendants have identified. To the contrary, Plaintiff's abrupt

abandonment of the "non-existent account" theory the moment it was challenged confirms that the theory lacked evidentiary support when he pleaded it.

### F. In the alternative, any leave should be conditioned on resolution of the pending Rule 11 motion.

If the Court is inclined to permit any amendment, it should not do so in a manner that prejudices Defendants' pending Rule 11 motion. Any grant of leave should be expressly conditioned on the Court's resolution of that motion, so that the amendment does not moot the sanctions request or reward the very conduct the motion challenges.

## CONCLUSION

For the foregoing reasons, Defendants Anthony J. Huspaska and Stenger & Stenger, P.C. respectfully request that this Court deny Plaintiff's Motion for Leave to File Second Amended Complaint, and grant such other and further relief to which they may be entitled to.

Respectfully submitted,

**BASSFORD REMELE**
***A Professional Association***

Dated: September 28, 2026

*/s/ Kimberly Dang*
Kimberly Dang (admitted *pro hac vice*)
100 South 5th Street, Suite 1500
Minneapolis, MN 55402-1254
Telephone: (612) 333-3000
Facsimile: (612) 333-8829
kdang@bassford.com

Berton K. May (Ohio Bar 0083330)
Erik C. Stein (Ohio Bar 0093233)
QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
300 Ottawa Ave NW, 5th Floor
Grand Rapids, Michigan 49503
(616) 330-1190 | (616) 330-1191 (f)
berton.may@qpwblaw.com
erik.stein@qpwblaw.com

*Attorneys for Defendants Anthony J. Huspaska and Stenger & Stenger, P.C.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2026, I caused the foregoing document to be filed electronically with the Clerk of Court utilizing the CM/ECF system, which will send notification of such filing to any counsel of record who are registered CM/ECF participants.

*/s/ Kimberly Dang*
Kimberly Dang